UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY GILES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 2517 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| MORRIS KRUMHORN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Nancy Giles ("Plaintiff") brings this action to enforce a state-decreed maintenance and child support provision against her ex-husband Morris Krumhorn ("Defendant"). The Circuit Court of Cook County, Illinois entered a judgment dissolving the marriage between Plaintiff and Defendant on June 2, 2000 ("the Judgment"). The Judgment established certain child support and spousal maintenance obligations for Defendant. In setting those obligations, the Circuit Court relied upon Defendant's salary, the duration of the marriage and the fact that Plaintiff is ill and cannot work. The Circuit Court retained jurisdiction for the purpose of enforcing all of the provisions of the Judgment. Defendant now moves to dismiss Plaintiff's three-count complaint under Federal Rules 12(b)(1), (b)(2) and (b)(6). Because Illinois has a substantial interest in resolving the domestic relations of its citizens and the Circuit Court of Cook County has experience and expertise in applying Illinois' comprehensive scheme for enforcing and modifying divorce decrees, this Court will abstain from deciding the domestic relations issues raised in this action. Accordingly, Defendant's Motion to Dismiss is granted.

**Discussion**

The Judgment requires Defendant to pay $15,000 in child support and $7,000 in spousal maintenance each month. Count I of the Complaint alleges that Defendant has paid only $694,800 of the $872,000 he owes Plaintiff under the Judgment. Plaintiff seeks an order holding Defendant in civil and criminal contempt, the entry of a mandatory injunction against Defendant, interest pursuant to 750 ILCS 5/505(b), and costs and attorney's fees. Count II claims that Plaintiff made $95,000 in loans to Defendant in order that he could continue his trading business and, accordingly, continue making his support payments. Plaintiff alleges that Defendant agreed to repay these loans, she demanded repayment of loans and Defendant refused. Plaintiff seeks an order awarding her actual damages in an amount not less than $103,000, plus interest. Count III, pled in the alternative to Count I, alleges that Defendant agreed subsequent to the Judgment to pay Plaintiff $22,000 per month for child support and maintenance for the rest of Plaintiff's life. Defendant argues that Plaintiff's Complaint should be dismissed because it falls within the domestic relations exception to federal jurisdiction and, alternatively, because the issues presented more properly are resolved in the Circuit Court of Cook County.

**I.     Domestic Relations Exception**

The domestic relations exception grew out of *Barber v. Barber*, 21 How. 582, 584 (1859), in which the Supreme Court announced that federal courts have no jurisdiction over suits for divorce or the allowance of alimony. But while the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees," it "did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree." *Ankenbrandt v. Richards*, 504 U.S. 689,

701-702 (1992). In *Ankenbrandt*, the mother of two minor children brought a tort claim against their father for alleged sexual and physical abuse of the children. *Id.* at 704. The Court held that because "the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree," federal jurisdiction existed over the mother's tort claim. *Id.* Likewise, because Plaintiff's attempt to enforce a child support and maintenance decree and her accompanying breach of contract claims do not involve the issuance or modification of a divorce, alimony or child custody decree, her claims fall outside of the domestic relationship exception to federal jurisdiction. *See id.* at 702 (reaffirming holding of *Barber* that "sanctioned the exercise of federal jurisdiction over the enforcement of an alimony decree that had been properly obtained in a state court of competent jurisdiction").

## II. Abstention

Even where federal jurisdiction exists, a federal court should abstain from deciding domestic relations cases under certain circumstances. *See Ankenbradt*, 504 U.S. at 705, citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The impetus for the *Burford* abstention doctrine was a desire both to avoid unsettled, difficult issues of state law and a reluctance to intrude into state proceedings where there exists a complex state administrative scheme.[1] Consistent with this purpose, a federal court

---

[1] Defendant has failed to demonstrate even the threshold requirement for abstention under *Colorado River* – that the state and federal actions are parallel. *See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992) (abstention is appropriate under *Colorado River* only when there are parallel state and federal proceedings). Suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Id.* Issues are substantially the same when there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985). Although both cases may generally involve "family law post-judgment issues," Plaintiff has not shown that his state court petition to modify the Judgment necessarily will resolve Plaintiff's claims that Defendant failed to meet his previous obligations under the Judgment or that he breached other contracts that he made with Plaintiff.

Neither does this case fall within the confines of the *Rooker-Feldman* doctrine, which the Supreme Court recently limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court reviewing and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

should abstain: (1) from deciding "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar" and (2) from exercising federal review that "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726-27 (1996). Plaintiff's attempt to enforce the maintenance and child support provisions of the divorce decree entered in state court falls within the second set of cases. To justify abstention in these cases: "[f]irst, the state must offer some forum in which claims may be litigated . . . Second, that forum must be special – it must stand in a special relationship of technical oversight or concentrated review to the evaluation of those claims." *Property & Casualty Insurance Limited v. Central National Insurance Company of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991).

The Circuit Court of Cook County expressly retained jurisdiction to enforce the Judgment, thus, there is no question that the state offers a forum to resolve Plaintiff's claims. *See U.S. v. Black*, 125 F.3d 454, 463 (7th Cir. 1997) (refusing to abstain from enforcing child support obligation under Children Support Recovery Act where state court could not enforce its own judgment due to the machinations of an evasive parent). Second, domestic relations are a matter of substantial public concern to Illinois, *see Mansell v. Mansell,* 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims,* 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern"); *In re Burrus,* 136 U.S. 586, 593-594 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States"), and an area of law in which Illinois' courts have developed a special expertise. *See generally Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979) (recognizing state court's expertise and experience in resolving matters

4

involving domestic relations).

Plaintiff's claims for relief are related directly to the divorce decree entered. *See Ankenbrandt*, 504 U.S. at 706 (holding abstention inappropriate where earlier state court decree had "no bearing on the underlying torts alleged"). Specifically, Plaintiff's claims would require this Court to determine whether support payments may be required even after a child reaches majority and whether modification of a divorce decree can be made outside the state court's supervision. These questions are in addition to the more general issues of law and procedure that state courts deal with on a regular basis in enforcing divorce decrees. *See Brown v. Partee*, 748 F. Supp. 600, 602 (N.D. Ill. 1990) (refusing to exercise pendent jurisdiction over state law claim "given the strong state interests and particular expertise of the state in administering its own domestic relations proceedings"). Given the comprehensive statutory scheme Illinois created for the enforcement and modification of maintenance decrees, *see* 750 ILCS 5/510, *et seq.*, it would be inappropriate for this Court to intervene and decide this controversy. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) ("One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations").

Finally, since this Court is vested with jurisdiction only by virtue of the parties' diversity, Plaintiff's claims can present no federal question that would transcend the family law issues presented in this case. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 13 (2004) ("[W]hile rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts").

**CONCLUSION AND ORDER**

Plaintiff's claim for enforcement of a state court child support and maintenance decree along with her breach of contract claims do not fall within the domestic relations exception to federal jurisdiction. However, because Illinois has a substantial interest in managing its citizens' domestic relations, has developed a comprehensive scheme for the enforcement and modification of divorce decrees, and its courts have expertise and experience in applying that scheme, this Court will abstain from intervening in this domestic relations' dispute. Wherefore, Defendant's Motion to Dismiss is granted.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: August 2, 2006